IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA and CINDY SIMCOX, Revenue Officer, Internal Revenue Service,** | : : : | **CIVIL ACTION NO. 1:05-MC-0023** |
| | : | (Judge Conner) |
| **Plaintiffs** | : : | |
| v. | : : | |
| **JANET L. MAXWELL, Corporate Officer of Platinum Concepts Design and Construction, Inc.,** | : : : : | |
| **Defendant** | : : | |

-----------------------------------------------------------------------

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA and CINDY SIMCOX, Revenue Officer, Internal Revenue Service,** | : : : | **CIVIL ACTION NO. 1:05-MC-0024** |
| | : | (Judge Conner) |
| **Plaintiffs** | : : | |
| v. | : : | |
| **JANET L. MAXWELL,** | : : | |
| **Defendant** | : | |

### ORDER

AND NOW, this 16th day of June, 2005, upon consideration of plaintiffs' motions to hold Janet L. Maxwell, defendant in the above-captioned cases,[1] in civil contempt for failure to obey the orders of court dated March 3, 2005, directing her to comply on or before April 15, 2005, with a summons issued by the Internal

---

[1] These cases have been consolidated solely for purposes of this decision. See FED. R. CIV. P. 42.

Revenue Service, see 26 U.S.C. §§ 7602, 7604, and following a contempt hearing at which Ms. Maxwell failed to appear despite prior notice and during which the court adjudged Ms. Maxwell *in absentia* in civil contempt of the orders of court dated March 3, 2005, and directed that a warrant issue for her arrest, and it appearing that Ms. Maxwell has been arrested and produced before this court to answer for her non-compliance with the orders of court dated March 3, 2005, see John T. ex rel. Paul T. v. Del. County Intermediate Unit, 318 F.3d 545, 554-55 (3d Cir. 2003); Harris v. City of Philadelphia, 47 F.3d 1311, 1322 (3d Cir. 1995), and the court finding by clear and convincing evidence that the orders of court dated March 3, 2005, were issued after notice and a hearing and otherwise represent a valid exercise of the court's jurisdiction,[2] see id. at 1326 (identifying as first element of civil contempt the existence of a "valid court order"), that Ms. Maxwell was informed of the orders and the need for compliance during the prior hearing and through subsequent correspondence from the Internal Revenue Service, see id. (identifying as second element of civil contempt the party's "knowledge of the order"), and that Ms. Maxwell willfully and without reasonable cause disobeyed the orders, see id. (identifying as final element of civil contempt the party's "disobed[ience of] the order"), and the court further finding that continued incarceration is not necessary at this time to coerce compliance with the orders of court dated March 3, 2005,[3] but

---

[2] See 26 U.S.C. §§ 7602, 7604 (providing jurisdiction over proceedings to enforce summonses issued by Internal Revenue Service).

[3] Incarceration may be deemed an appropriate coercive sanction in the future if Ms. Maxwell continues to disobey the orders of this court. See, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828-29 (1994).

that a prospective sanction of $500.00 per month against Ms. Maxwell is reasonably necessary to coerce compliance with the orders,[4] see id. at 1328; Robin Woods Inc. v. Woods, 28 F.3d 396, 399 (3d Cir. 1994); see also 26 U.S.C. § 7604(b), (c), it is hereby ORDERED that:

1. The prior adjudication of Janet L. Maxwell in civil contempt of the orders of court dated March 3, 2005, is REAFFIRMED.

2. Janet L. Maxwell shall appear before Cindy Simcox, Revenue Officer, Internal Revenue Service, at 1:30 p.m. on Monday, June 20, 2005, at the offices of the Internal Revenue Service, 228 Walnut Street, Room 620, Harrisburg, Pennsylvania, and shall produce at that time all records within her possession described in summons served upon her on November 19, 2004.

3. Janet L. Maxwell shall be sanctioned the amount of $500.00 on the last day of each month hereafter during which Janet L. Maxwell fails to establish proof of compliance with the orders of court dated March 3, 2005.

    a. The first date on which the sanction shall be assessed is June 30, 2005.

    b. Janet L. Maxwell shall pay the full amount of any sanction assessed under the terms of this order to the Clerk of Court of the United States District Court for the Middle District of Pennsylvania within five (5) days of the date on which the sanction is assessed.

---

[4] The court declines plaintiffs' request for an award of costs to the United States Marshal.

 c. Proof of compliance with the orders of court dated March 3, 2005, may be established by the filing of an affidavit of counsel for plaintiffs or an affidavit of Janet L. Maxwell, signed under penalty of perjury, see 28 U.S.C. § 1746, stating that Janet L. Maxwell has complied in all respects with the orders of court dated March 3, 2005.

*/s/ Christopher C. Conner*
CHRISTOPHER C. CONNER
United States District Judge